UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENT ALAN LLOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25-cv-0963-MTS |
| ) | |
| KIMBERLEE HANSEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment. Doc. [9]. The Court previously dismissed this action pursuant to Federal Rule of Civil Procedure 4(m) because Plaintiff failed to properly serve Defendants within ninety days of filing his Complaint. Doc. [5]. The proof of service Plaintiff filed with the Court, *see* Doc. [4], showed that his attempted service was improper for multiple reasons. First, the summonses he purported to serve were neither signed nor sealed by the Clerk.[1] *Id.*; *see also* Fed. R. Civ. P. 4(a)(1)(F)–(G). Contrary to Plaintiff's argument, *see* Doc. [10] at 9, this shortcoming is not a mere technical error. Service of an unsigned and unsealed summons renders service without legal effect. *See Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 570 (3d Cir. 1996); *see also Black v. Vitello*, 841 F. App'x 334, 335 (2d Cir. 2021); *Cloyd v. Arthur Andersen & Co.*, 25 F.3d 1056 (10th Cir. 1994) (table decision).

---

[1] Court records even show that the Clerk of Court's office informed Plaintiff that he must prepare and submit summonses to the Clerk to be signed and sealed. *See also* E.D. Mo. L.R. 2.02(B) (requiring the same).

Plaintiff's proof of service had at least one other issue, too.  Plaintiff's proof of service shows his service on the U.S. Attorney did not comply with the strictures of Federal Rule of Civil Procedure 4(i)(1)(A).  *See* Doc. [4]; *see also Marine Wholesale & Warehouse Co. v. United States*, 315 F. Supp. 3d 498, 519 (D.D.C. 2018); *Lewis v. Runyon*, 65 F.3d 175 (9th Cir. 1995) (table decision); Advisory Committee Note to 1993 Amendments to Fed. R. Civ. P. 4(i).[2]  Therefore, the Court properly dismissed Plaintiff's action without prejudice under Federal Rule of Civil Procedure 4(m).

The Court, though, on motion and just terms, may relieve a party from a final judgment or order that was based on mistake, inadvertence, surprise, or excusable neglect.  *See* Fed. R. Civ. P. 60(b)(1).  The Court concludes that Plaintiff has shown that he failed to timely serve Defendants based on a mistake, and he has further shown that it is in the interest of justice to allow him another opportunity to serve Defendants given that the statute of limitations in this case renders the Court's dismissal as, in essence, one with prejudice.  *See Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) (joined by Bright, J., sitting by designation).  Therefore, the Court will provide Plaintiff one more opportunity to **properly** serve Defendants and file proof of proper service with the Court.  If Plaintiff fails to do so again, the Court will dismiss this action.  *See DiCesare v. Stuart*,

---

[2] That the government did not file the required response to Plaintiff's Complaint also should have suggested to him that service may have been improper.  *Cf. Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022) (recognizing that a defendant need not answer until "service has been perfected"); *Petersen v. Carbon County*, 156 F.3d 1244 (10th Cir. 1998) (table decision) ("Until a defendant is properly served, the defendant has no duty to answer or make other motions.").  And though Defendants did not file a response to the Complaint, Plaintiff never sought entry of default.  *See* Fed. R. Civ. P. 55(a).  A plaintiff's prolonged failure to seek entry of default can itself be grounds to dismiss an action.  *See* Fed. R. Civ. P. 41(b).

12 F.3d 973, 980 (10th Cir. 1993) ("A pro se litigant is still obligated to follow the requirements of Fed. R. Civ. P. 4."); *see also Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997) ("A district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend Judgment, Doc. [9], is **GRANTED in part**.

**IT IS FURTHER ORDERED** that the Order of Dismissal previously entered, Doc. [6], is **VACATED**.

**IT IS FINALLY ORDERED** that Plaintiff must properly serve Defendants, and file proof of proper service with the Court, no later than **Wednesday**, **December 31, 2025**. *See* Fed. R. Civ. P. 4(m).  **Failure to do so will result in the dismissal of this action.**

Dated this 11th day of December 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE