**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRENT ALAN LLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-0963-MTS |
| | ) | |
| KIMBERLEE HANSEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on two Motions of *pro se* Plaintiff Brent Alan Loyd. In the two Motions, Plaintiff seeks relief from the Court's Order of Dismissal in this case. Docs. [18] & [27]. But, on Plaintiff's Motion, the Court already has vacated the Order of Dismissal. Doc. [9] (Plaintiff's Motion to Alter Judgment); Doc. [12] (granting Plaintiff's Motion to Alter Judgment in part and vacating dismissal). This case, therefore, is open and active. For that reason, the Court will deny Plaintiff's latest Motions to Alter Judgment. Plaintiff also moves for leave to file an amended complaint. But currently, Plaintiff has through March 24, 2026, to file an amended complaint as a matter of course, *see* Fed. R. Civ. P. 15(a)(1), given Defendants' Motion to Dismiss, Doc. [23].

On its own Motion, the Court will extend Plaintiff's deadline to file an amended complaint to **Thursday**, **April 09, 2026**. *See* Fed. R. Civ. P. 6(b)(1)(A) (providing when district courts may extend deadlines "with or without motion or notice"). Plaintiff is cautioned that once he files his First Amended Complaint, his original complaint will no longer perform any function in this case, and only what he alleges in his First Amended

Complaint will govern. *See Schlafly v. Eagle Forum*, 970 F.3d 924, 933 (8th Cir. 2020); *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009) (per curiam). Therefore, all claims, allegations, and exhibits that Plaintiff wishes to submit to the Court must be included in the First Amended Complaint. It is especially important that he heeds this warning given that this opportunity could be his last to amend his pleading. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (recognizing that the "repeated failure to cure deficiencies by amendments previously allowed" can be a reason to deny leave to amend); *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended.").

In light of Plaintiff's forthcoming First Amended Complaint, the Court will deny without prejudice Defendants' Motion to Dismiss, Doc. [23], and Motion to Strike, Doc. [25]. *See Doohan v. CTB Invs., LLC*, 427 F. Supp. 3d 1034, 1042 n.1 (W.D. Mo. 2019); *Whitney v. Am. Airlines*, 4:25-cv-1295-MTS, 2026 WL 195922, at *1–2 (E.D. Mo. Jan. 26, 2026). Defendants may, of course, file any required response to Plaintiff's First Amended Complaint, including motions that assert the same arguments made in these Motions if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall file a First Amended Complaint no later than **Thursday**, **April 09, 2026**. **The failure to timely do so may result in the dismissal of this action without further notice.**

- 3 -

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Alter Judgment, Doc. [18], and Motion to Alter Judgment and for Leave to Amend, Doc. [27], are both **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, Doc. [23], and Motion to Strike, Doc. [25], are both **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that Defendants shall have twenty-one (21) days from the filing of Plaintiff's First Amended Complaint to file any required response to it.

Dated this 18th day of March 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE